UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-223-BO

| | |
|---|---|
| CASHCALL, INC., | ) |
| Appellant, | ) ) ) |
| v. | ) **O R D E R** |
| OTERIA Q. MOSES, | ) ) ) |
| Appellee. | ) ) |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

This cause comes before the Court on Cashcall, Inc.'s appeal of the Bankruptcy Court for the Eastern District of North Carolina's Order of January 3, 2013, denying appellant's motion to dismiss or stay and compel arbitration. For the reasons discussed below, the decision of the bankruptcy court is affirmed.

## BACKGROUND

Moses filed for bankruptcy pursuant to Chapter 13 on August 1, 2012. Cashcall filed a proof of claim in the bankruptcy proceeding representing the unpaid balance of a loan that had originated with Western Sky Financial LLC and had been assigned to Cashcall; the original loan amount was $1,500. Moses subsequently filed an adversary proceeding against Cashcall, objecting to the proof of claim and seeking a declaratory judgment that the debt owed to Cashcall is void as violative of the North Carolina Consumer Finance Act. N.C. Gen Stat. §§ 53-164 to -191. Moses also alleges that Cashcall engaged in acts prohibited by debt collectors under North Carolina law. N.C. Gen. Stat §§ 75-50 to -56.

Cashcall moved to dismiss Moses' claims against it in the adversary proceeding, or to stay the proceeding and compel arbitration. By order entered January 3, 2013, the bankruptcy court denied Cashcall's motion to dismiss or to stay and compel arbitration. Cashcall then sought a stay in the bankruptcy court of the adversary proceeding in its entirety pending Cashcall's appeal of the bankruptcy court's order declining to dismiss or compel arbitration. Cashcall's request for stay pending appeal was denied by the bankruptcy court by order entered April 2, 2013. Following a hearing, this Court granted Cashcall's motion to stay the adversary proceeding pending this appeal by order entered November 21, 2013. The Court now considers the issue on appeal.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous and conclusions of law are reviewed de novo. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007).

## DISCUSSION

In its January 3, 2013, order, the bankruptcy court found that, after evaluating each of the claims, Moses' claims against Cashcall are statutorily core as they "function as counterclaims to the claims filed [] against the estate." 3 Jan. 2013 order at 5 (quoting *TP, Inc. v. Bank of America*, 479 B.R. 373, 383 (Bankr. E.D.N.C. 2012)). The bankruptcy court then found that Moses' first claim, seeking a declaratory judgment that the underlying loan agreement is void, is constitutionally core under *Stern v. Marshall*, 131 S.Ct. 2594 (2011), and thus that it had

2

jurisdiction to hear and enter a final determination as to this claim. Cashcall does not challenge this finding.

After considering Moses' second claim, that Cashcall engaged in acts that qualify as prohibited acts by debt collectors, the bankruptcy court found that, though not a constitutionally core claim under *Stern*, "the Court lacks constitutional authority to enter final judgment . . . [and] findings of fact and conclusions of law on the [second] cause of action will be submitted to the district court." 13 Jan. 2013 order at 8 (citing *Burns v. Dennis*, 467 B.R. 337, 348 (Bankr. M.D.N.C. 2012). In so doing, the bankruptcy court implicitly found compelling Moses' argument that the bankruptcy court need not refer the second claim to arbitration because it "exclusively depend[s] on the determination of [the first claim of] whether the underlying loan agreement is legal." 3 Jan. 2013 order at 3. Moreover, the bankruptcy court explicitly found that "the determination of whether the violations of the North Carolina consumer protection statues render the loan agreement void or legally ineffective is *necessarily intertwined* in the claims allowance process." *Id.* at 6 (emphasis added).

"[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). However, "a 'contrary congressional command' may override federal policy favoring arbitration." *In re Huffman*, 486 B.R. 343, 353 (Bankr. S.D. Miss. 2013) (quoting *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). The tension that exists between the policy favoring enforceability of agreements to arbitrate and the paramount interest of the bankruptcy courts in resolving bankruptcy matters is well recognized, *see e.g. In re National Gypsum*, 118 F.3d 1056, 1065-1070 (5th Cir. 1997), and courts in this circuit have determined that the bankruptcy courts have an absolute interest in resolving core claims before

3

them, even where those claims would in another setting be inarguably subject to referral to arbitration. *See In re White Mountain Mining Co., L.L.C.*, 403 F.3d 164, 169-70 (4th Cir. 2005). Cashcall contends that because Moses' second claim for relief has been determined to be non-core, a conflict between the bankruptcy code and the policy favoring enforcement of arbitration clauses does not exist and the matter must be referred to arbitration.

The Court does not find Cashcall's argument persuasive in this context. While it is true that non-core matters are *generally* referred to arbitration, *see TP, Inc.*, 479 B.R. at 382, the Court is unaware of any holding in this circuit that requires such an outcome. Moses' second claim for relief alleges that Cashcall's debt collection practices are in violation of North Carolina law *because* they were made in an attempt to collect an illegal loan. [D.E. 2-1, ¶¶ 30-31]. The bankruptcy court has in essence viewed Moses' second claim for relief as one for damages arising out of her first claim, and thus, for example, a finding by the bankruptcy court that the loan was not void as violative of North Carolina law would cause Moses' second claim to necessarily fail. Such claim is therefore inextricably intertwined with Moses' first claim for relief, which the parties agree is a core claim and properly before the bankruptcy court for adjudication.

The other cases from this district that have referred non-core claims to arbitration are distinguishable, as none have found or been presented with non-core claims which would, as here, rise or fall on the adjudication of a single, remaining core claim. In *TP, Inc. v. Bank of America*, 479 B.R. at 387, the bankruptcy court determined to exercise jurisdiction over core claims for fraud in the inducement, rescission, and equitable subordination and refer non-core claims for negligence, negligent misrepresentation, breach of contract, and unfair and deceptive trade practices to arbitration. None of the non-core claims in that matter were found to

4

necessarily fail or succeed based on the adjudication of a core claim over which the bankruptcy court retained jurisdiction. In *In re Edwards*, No. 13-0078-8-ATS, 2013 WL 5718565 (Bankr. E.D.N.C. October 21, 2013), the bankruptcy court referred a claim under the North Carolina Fair Debt Collection Practices Act to arbitration. The claim at issue in *Edwards* was determined to be non-core and was the only claim raised in the adversary proceeding, leaving the bankruptcy court with no countervailing interest in hearing the claim.

In this instance, referral of Moses' second claim for relief to arbitration would frustrate, rather than facilitate, the efficiency favored by arbitration and could potentially lead to inconsistent results. The countervailing policy of the bankruptcy code is, however, greatly served by allowing the bankruptcy court to consider both claims together and to enter findings of fact and conclusions of law on Moses' non-core claim. Thus, the Court finds that the decision not to refer Moses' second claim to arbitration was not contrary to law. *See also Hooks v. Acceptance Loan Co., Inc.*, No. 2:10-CV-999-WKW, 2011WL2746238 *5 (M.D.Ala. July 14, 2011) (of several reasons counselling against compelling arbitration of non-core claims, most obvious is the "close relationship" between non-core claims and "what is unquestionably a core proceeding.").[1]

---

[1] Finally, the Court notes that Cashcall's reliance in its reply brief on precedent holding that claims are subject to arbitration even where there is a claim that the underlying agreement is invalid, *see e.g. Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2778 (2010), is also not persuasive in this context. What is lacking in these cases is a consideration of the tension, discussed above, between the bankruptcy code and a judicial interest in enforcing arbitration agreements. The Court does not, therefore, find them to provide a basis upon which reverse the ruling of the bankruptcy court here.

5

## CONCLUSION

Accordingly, it is for these reasons that the decision of the bankruptcy court entered in this matter on January 3, 2013, declining to refer appellee's second claim for relief to arbitration is hereby AFFIRMED.

SO ORDERED, this __3__ day of __February__, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE